1   Edward R. Litwin SB#: 57635
    Christina H. Lee SB#: 230883
2   Litwin & Associates, A Law Corporation
    1435 Huntington Ave., Suite 336
3   South San Francisco, CA 94080
    (650) 588-7100 (t) (650) 588-4302 (f)

4

5   Attorney for Plaintiffs

FILED

2007 AUG 27 A 11: 14

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9   Roman Surgutchik and Lyudmila Surgutchik )   Civil No.

10        Plaintiffs,                         )   PLAINTIFFS' ORIGINAL COMPLAINT
                                              )   FOR WRIT IN THE NATURE OF
11        -vs-                                )   MANDAMUS
                                              )
12  Michael Chertoff, Secretary              )
                                              )
13  Emilio T. Gonzalez, Director, USCIS      )   "Immigration Case"
                                              )
14  Gerard Heinauer, NSC Director            )   CIS NOs.    A097-865-735
                                              )              A097-865-736
15  Department of Homeland Security;         )
                                              )
16  Robert S. Mueller, Director              )
                                              )
17  Federal Bureau of Investigations         )
                                              )
18        Defendants.                         )

19

20      COMES NOW Roman Surgutchik and Lyudmila Surgutchik, Plaintiffs in the above-styled and

21  numbered cause, and for cause of action would show unto the Court the following:

22  1.      This action is brought against the Defendants to compel action on Form I-485, Application to

23  Register Permanent Resident or Adjust Status properly filed by the Plaintiffs.  The applications remain

24  within the jurisdiction of the Defendants, who have improperly withheld action on said applications to

25  the Plaintiffs' detriment.

26

27

28

COMPLAINT                        1

PARTIES

2.      Plaintiff Roman Surgutchik is a 45 year-old citizen of Israel. After receiving an approval of a labor certification, filed on his behalf in 2001, an I-140 immigrant visa petition for which Plaintiff Roman Surgutchik was the beneficiary, was filed on June 16, 2004, along with his application for lawful permanent residency. The I-140 immigration visa petition was approved on or about March 31, 2005.

3.      Plaintiff Lyudmila Surgutchik is a 38 year-old citizen of Israel and the wife of Plaintiff Roman Surgutchik. On June 16, 2004, she filed for lawful permanent resident status as a derivative spouse pursuant to INA § 203(d), 8 USC § 1153(d).

4.      Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 CFR §2.1.

5.      Defendant Emilio T. Gonzalez is the Director of Citizenship and Immigration Services (CIS), an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

6.      Defendant Gerard Heinauer, Nebraska Service Center Director (NSC), is an official of the CIS office and this action is brought against him in his official capacity. Defendant Heinauer is generally charged with supervisory authority over all operations of the CIS within his service area with certain specific exceptions not relevant here. 8 CFR §100.2(d)(2)(i). As will be shown, Defendant Heinauer is the official with whom Plaintiff's application for lawful permanent resident status remains pending.

7.      Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and

COMPLAINT                                          2

this action is brought against him in his official capacity. Defendant Robert S. Mueller is the head of the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General. 28 USC § 533.

JURISDICTION

8.      The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b), 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to said statutes.

INTRADISTRICT ASSIGNMENT

9.      Pursuant to Civil L.R. 3-2(d), since the Plaintiffs reside in Santa Clara County, assignment shall be to the San Jose Division.

VENUE

10.     Venue is proper in this court, pursuant to 28 USC §1391(e)(3), in that this is an action against officers and agencies of the United States in his official capacities, brought in the District where the Plaintiffs reside if no real property is involved in the action. Specifically, Plaintiffs reside at 4503 Carlyle Court, Apt 2303, Santa Clara, California, and no real property is involved in the instant action.

EXHAUSTION OF REMEDIES

11.     Plaintiffs have exhausted their administrative remedies. Plaintiffs have made numerous inquiries concerning the status of their applications to no avail.

CAUSE OF ACTION

12.     All legal prerequisites having been satisfied, Plaintiffs applied for adjustment of status to lawful permanent resident with the US Citizenship and Immigration Service (USCIS) on June 16, 2004.

13.     On July 29, 2004, the Plaintiffs had their fingerprints taken at the USCIS.

14.     On March 11, 2005, the Plaintiffs sent an inquiry to the California Service Center regarding

COMPLAINT                                      3

Plaintiff Roman Surgutchik's immigrant visa petition, and the status of the Plaintiffs' applications for lawful permanent residency as their case was pending beyond processing times.

15.    On March 31, 2005, Plaintiff Roman Surgutchik's I-140 immigration visa petition was approved.

16.    On April 1, 2005, the Plaintiffs received a response from the California Service Center stating that their applications for lawful permanent residency was sent to a USCIS officer for adjudication.

17.    On June 14, 2005, the California Service Center, in response to another inquiry by the Plaintiffs, stated that the Plaintiffs' applications were still pending as the USCIS were awaiting name check results from the FBI.

18.    On June 29, 2005, the Plaintiffs e-mailed the FBI an inquiry regarding the status of their name check.  The Plaintiffs received no response from the FBI.

19.    On August 23, 2005, the California Service Center, in response to a third inquiry by the Plaintiffs, stated that the Plaintiffs' applications were still pending due to the FBI name check not being completed.

20.    On August 24, 2005, the Plaintiffs once again e-mailed the FBI an inquiry regarding the status of their name check.  Again, the Plaintiffs received no response.

21.    On September 19, 2005, the Plaintiffs sent an inquiry letter to the FBI by certified mail.  The Plaintiffs received no response.

22.    On October 28, 2005, Plaintiff Roman Surgutchik had his fingerprints taken a second time at the San Jose USCIS.

23.    On December 13, 2005, the Plaintiffs e-mailed the FBI another status inquiry.  The Plaintiffs received no response.

24.    On May 5, 2006, the California Service Center, in response to the Plaintiffs' fourth inquiry, stated that background security checks had not yet cleared with the FBI, and that the USCIS must

COMPLAINT                                                      4

suspend further processing of their case until the checks were completed.

25.    On October 3, 2006, Plaintiff Lyudmila Surgutchik had her fingerprints taken a second time at the San Jose USCIS.

26.    On November 27, 2006, the California Service Center, in response to the Plaintiffs' fifth inquiry, stated that the Plaintiffs' applications were still pending due to the incomplete FBI name check.

27.    On March 7, 2007, the California Service Center sent  a notice to Plaintiff, which stated that the Plaintiffs' files were transferred to the Nebraska Service Center on March 7, 2007 for processing.

28.    On March 14, 2007, Plaintiff Roman Surgutchik had his fingerprints taken a third time at the San Jose USCIS.

29.    Plaintiffs' applications for adjustment of status have now remained unadjudicated for over three years from the date of initial filing.

30.    Defendants have sufficient information to determine Plaintiffs' eligibility pursuant to applicable requirements.  To date, said applications have not been adjudicated.

31.    Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law.  Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate Plaintiffs' applications, thereby depriving the Plaintiffs the right to a decision on their status and the peace of mind to which Plaintiffs are entitled.

32.    The USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies unknown to the Plaintiffs, to complete and verify security checks with regard to Plaintiff Roman Surgutchik and Plaintiff Lyudmila Surgutchik.  Defendant Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks as required under Executive Order 10450.

33.    The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are

unlawfully withholding or unreasonably delaying action of Plaintiffs' applications and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiffs' case.

34.    The Plaintiffs have been damaged by the failure of Defendants to act in accordance with their duties under the law.

(a)    Plaintiff Lyudmila Surgutchik, in particular, has been further damaged in that her employment authorization is tied to her status as an applicant for permanent residency, and is limited to increments not to exceed one year.  8 CFR §274a.12(c)(9).  Therefore, Plaintiff Lyudmila Surgutchik has been forced to apply for extensions for her employment authorization, to the continued inconvenience and harassment of the Plaintiff to continually insure her work eligibility.

(b)    The Plaintiffs have been damaged by being deprived of the status of lawful permanent residents during the interminable pendency of their applications.  The Plaintiffs have also been unable to plan or pursue a future course of action in the United States due to the pendency of their applications.

(c)    The Plaintiffs have also experienced tension in their life due to the uncertainty and anxiety stemming from the pendency of their applications.

35.    The Plaintiffs have made numerous status inquires in an attempt to secure adjudication of their applications, all to no avail.  Accordingly, the Plaintiffs have been forced to retain the services of an attorney to pursue the instant action.

PRAYER

36.    WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a)    requiring Defendants Chertoff, Gonzalez, and Heinauer to adjudicate Plaintiffs' applications for adjustment of status;

(b)    requiring Defendant Mueller to complete its investigation and issue the results of the

COMPLAINT                                              6

1   security checks, or show the Court reasonable cause why the security checks could not

2   be issued;

3   (c)   awarding Plaintiffs reasonable attorney's fees under the Equal Access to Justice Act;

4   and granting such further relief at law and in equity as justice may require.

5

6   Dated: 8/24/07

7

8                                                    Christina H. Lee
                                                     Attorney for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                    7